UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Richard W. Evans,            )<br>                                         )<br>         Plaintiff,           )<br>                                         )<br>     v.                          )<br>                                         )<br>Milliken & Company,    )<br>                                         )<br>         Defendant.      )<br>_____ ) | C/A No.: 7:13-cv-02908-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter is before the Court upon Plaintiff Richard W. Evans' Motion to Dismiss his case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 14. Plaintiff wishes to dismiss his case in order to preserve his litigation resources and the Court's judicial resources. *Id.* Defendant Milliken & Company opposes dismissal without prejudice, arguing that it will suffer legal prejudice if Plaintiff's Motion is granted because of the significant resources Defendant has already expended in transferring this case to the proper venue. *See* ECF No. 16. In the alternative, Defendant asserts that voluntary dismissal should only be granted on condition that Plaintiff pays the costs and fees incurred by Defendant in this action, and on condition that should Plaintiff refile his claim, he may do so only in a state or federal court of South Carolina. *Id.* For the reasons stated below, the Court grants Plaintiff's Motion subject to certain conditions.

## Background

On July 31, 2013, Plaintiff filed his Complaint in the Superior Court of Gordon County, Georgia, seeking a declaratory judgment that he is not restricted by his employment agreements with Defendant, along with injunctions enforcing that

declaratory judgment, a money judgment of $33,333.33 for Defendant's alleged violation of a severance pay agreement it made with Plaintiff, and litigation costs and expenses. ECF No. 1-2 at 10–11. Defendant successfully removed the action to the United States District Court for the Northern District of Georgia on August 30, 2013. ECF No. 1. On September 6, 2013, Defendant filed and served its Answer, ECF No. 2, denying that Plaintiff is entitled to any relief and requesting costs and expenses as well. That same day, Defendant also filed a Motion to Transfer Venue or, in the Alternative, to Dismiss Due to Improper Venue ("Motion to Transfer") pursuant to 28 U.S.C. § 1404(a), based on forum selection clauses in Plaintiff's employment agreements. ECF No. 3. On September 20, 2013, Plaintiff filed a Response in Opposition to Defendant's Motion to Transfer Venue, ECF No. 6, and filed a Motion to Remand, ECF No. 7. On October 4, 2013, Defendant filed an Opposition to Plaintiff's Motion to Remand, ECF No. 8, and a Reply in Support of its Motion to Transfer Venue, ECF No. 9. On October 18, 2013, Plaintiff filed a Reply in Support of its Motion to Remand. ECF No. 11. On October 23, 2013, the United States District Court for the Northern District of Georgia denied Plaintiff's Motion to Remand, granted Defendant's Motion to Transfer Venue, and transferred the case to this District. ECF No. 12.

Once the case was transferred, Plaintiff filed the instant Motion, on October 30, 2013, seeking a voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), on the grounds that (i) Plaintiff, a resident of the State of Georgia, is not familiar with this District, and (ii) Plaintiff's litigation costs will increase as a result of having to proceed in South Carolina. ECF No. 14. Defendant filed a Response in

Opposition to Plaintiff's Motion to Dismiss on November 18, 2013, requesting that the Court deny Plaintiff's Motion, or in the alternative, impose the conditions that Plaintiff (i) reimburse Defendant for its costs and attorneys' fees and (ii) refile this case, if at all, only in a South Carolina state or federal court . ECF No. 16.

### Standard of Review

Under Federal Rule of Civil Procedure 41(a)(2), once the defendant has filed its answer or has moved for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court, and its order will ordinarily not be reversed except for an abuse of discretion." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citing *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986); *Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 895 (4th Cir. 1972)).

When ruling on a motion for voluntary dismissal without prejudice, "a district court should consider factors such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." *Miller v. Terramite Corp.*, 114 F. App'x 536, 539 (4th Cir. 2004) (unpublished) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)). "These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case." *Gross v. Spies*, Nos. 96–2146, 96–2203, 96–2150, 96–2147, 96–2204, 1998 WL 8006, at *5 (4th Cir. Jan. 13, 1998).

Furthermore, instead of denying a plaintiff's motion to dismiss, under Rule 41(a)(2) a district court may "impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." *Davis*, 819 F.2d at 1273.  Given this, district courts should "impose only those conditions [that] actually will alleviate harm to the defendants."  *Am. Nat'l Bank and Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).  The Fourth Circuit has held that, as a matter of course in most voluntary dismissals, the plaintiffs should be required to pay a portion of the defendant's costs.  *See Davis*, 819 F.2d at 1276.

> It is well settled that the Court in granting a motion such as this has a right to do so under certain terms and conditions.  These terms and conditions are for the protection of the rights of the defendant.  The word 'costs' is often used in connection with the conditions imposed on the plaintiff in the granting of such a motion.  Terms and conditions are not limited to taxable costs but may include compensation for all the expenses to which the defendant has been put including attorney fees as well as other costs and disbursements.

*Eaddy v. Little*, 234 F. Supp. 377, 380 (D.S.C. 1964).  "A court may . . . condition a voluntary dismissal without prejudice on the payment of the nonmoving party's attorneys' fees and costs in the litigation under some circumstances" and "[o]rdinarily those fees should be limited to work that could not be used again in a future suit." *Kyte v. Coll. of S. Md.*, No. Civ. A. DKC 2003–2558, 2005 WL 396306, at *1 (D. Md. Feb. 18, 2005); *see also Pittsburgh Jaycees v. U.S. Jaycees*, 89 F.R.D. 166, 167 (W.D. Pa. 1981) ("The types of conditions normally imposed by the court include an award of attorney's fees for work completed which cannot be used at another proceeding on the same matter, and limitations on the potential second lawsuit designed to eliminate duplicitous work."); 9 Charles Alan Wright & Arthur R. Miller,

*Federal Practice and Procedure* § 2366 (3d ed. 1998) ("In imposing conditions the trial court . . . may require the plaintiff to compensate for all of the expense to which the defendant has been put. However, these court ordered costs cannot include those expenses for items that will be useful in another action or that were incurred by the defendant unnecessarily.").

The Fourth Circuit has expressed that voluntary dismissal under Rule 41(a)(2) is favored, and a plaintiff's motion to dismiss pursuant to this Rule "should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986); *see also Davis*, 819 F.2d at 1273; *Gross*, 1998 WL 8006, at *5. "One circumstance in which a defendant suffers legal prejudice is where a voluntary dismissal potentially unravels the effect of an earlier legal ruling. Put another way, plaintiffs may not use Rule 41(a)(2) to avoid or undo the effect of an unfavorable order or ruling." *RMD Concessions, LLC v. Westfield Corp.*, 194 F.R.D. 241 (E.D. Va. 2000); *see also Pittsburgh Jaycees,* 89 F.R.D. at 168 (requiring plaintiffs, as a condition of voluntary dismissal, to refile any future proceedings of the same claims in the same court to "eliminate duplicitous work").

## Discussion

Plaintiff contends that a dismissal "will preserve the scant litigation resources available to [him] and will preserve the judicial resources of this Court." ECF No. 14 at 2. Plaintiff argues that dismissal is proper because, as a Georgia resident, he is not familiar with this District. *Id.* Plaintiff also claims that pursuing his action in South Carolina will result in increased litigation costs. *Id.* Therefore, Plaintiff requests that the Court voluntarily dismiss this action without prejudice.

Defendant argues that Plaintiff's case should not be dismissed without prejudice because Defendant has "spent significant time and resources defending this matter and vindicating its rights under its [employment] agreement with [Plaintiff]." ECF No. 16 at 2. Defendant claims that throughout this entire lawsuit, Plaintiff "has attacked [Defendant] and his contractual terms . . . alleging that they are unenforceable, or that they are enforceable resulting in money owed to him." *Id* at 3. Defendant is eager to adjudicate the matter and "prove [Plaintiff] wrong." *Id*. Defendant argues that Plaintiff's explanations for dismissal "are insufficient and irrelevant due to the contractual obligation [between the parties] and judicial determination [in the United States District Court for the Northern District of Georgia] that [Plaintiff's] claims be resolved in South Carolina." *Id.* at 4. Defendant also argues that Plaintiff's contention that the cost of litigating his claims in this District will be too costly "is questionable, at best, in light of the facts already in the record." *Id.* at 5 (suggesting Plaintiff can afford the costs associated with bringing this lawsuit because he made over $200,000 a year as Defendant's employee and is a frozen yogurt franchise owner). Defendant requests that the Court refuse to dismiss Plaintiff's case without prejudice.

In the alternative, Defendant asks that the Court impose two conditions on Plaintiff's Motion to correct any harm suffered. First, Defendant requests that an award of attorneys' fees and costs be made to Defendant to compensate it for time spent in litigating this lawsuit, and, in particular, "responding to [Plaintiff's] unfounded motion to remand," "obtaining a transfer of this action to this Court," and "responding to this [voluntary dismissal] motion." *Id*. at 5–6. Defendant's second condition

requested is that the Court require Plaintiff to refile this case, if at all, only in a South Carolina state or federal court. *Id.* at 6.

The Court recognizes that Defendant has suffered unnecessary expense and inconvenience due to Plaintiff initially bringing this action in the state of Georgia. However, this problem can be remedied without preventing dismissal. Clearly, Defendant should not bear the expense of reasonable attorneys' fees and costs associated with the portion of this lawsuit accompanying its Response in Opposition to Plaintiff's Motion to Remand, Motion to Transfer Venue, Reply in Support of Its Motion to Transfer Venue, and Response in Opposition to Plaintiff's Motion to Dismiss. Therefore, dismissal should be conditioned upon Plaintiff reimbursing Defendant for such costs.

Moreover, Plaintiff's Motion, which is based in part on the fact that Plaintiff is not a resident in this District, may reasonably be construed as an effort to dismiss this case, and refile it in yet another jurisdiction. If this occurs, Plaintiff will have essentially stripped Defendants of the benefit of the court order that denied remand and transferred the case to this District. It is clear that Defendant is entitled to a condition that protects it from this possibility. A requirement that Plaintiff refile his claims, if he chooses to pursue them, in this Court or the Spartanburg County Court of Common Pleas thus preserves the essence of the transfer order and United States District Judge Harold L. Murphy's findings as to the enforceability of the forum selection clause in Plaintiff's employment agreement with Defendant.

After a review of the record in this case and the applicable law, the Court GRANTS Plaintiff's Motion to Dismiss, ECF No. 14, pursuant to Fed. R. Civ. P. 41(a)(2), subject to the conditions described herein.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that Defendant's pending Motion for Leave to Amend Answer in this case, ECF No. 20, is DISMISSED as moot.

**IT IS SO ORDERED**.

_____
G. Ross Anderson, Jr.
Senior United States District Judge

December 19, 2013
Anderson, South Carolina