UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Richard W. Evans, | ) | C/A No.: 7:13-cv-02908-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Milliken & Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court upon Defendant Milliken & Company's Motion to Approve Amount of Attorneys' Fee Award. ECF No. 23.

## Background

In the December 19, 2013 Order granting Plaintiff's Motion to Dismiss his case without prejudice, the Court imposed a specific condition that Plaintiff reimburse Defendant "the expense of reasonable attorneys' fees and costs associated with the portion of this lawsuit accompanying its Response in Opposition to Plaintiff's Motion to Remand, Motion to Transfer Venue, Reply in Support of Its Motion to Transfer Venue, and Response in Opposition to Plaintiff's Motion to Dismiss." ECF No. 21 at 7. As a result, on January 2, 2014, Defendant filed the current Motion seeking to recover reasonable attorneys' fees and costs in the amount of $21,202.00. ECF No. 23. Defendant's law firm, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins") claims to have expended a total of 69.2 hours through the work of five attorneys. ECF No. 23-1. Their time is allocated as follows: Attorney Lucas J. Asper expended 48.9 hours, Attorney Phillip A. Kilgore expended 9.1 hours, Attorney Michael O. Eckard expended 5.1 hours, Attorney Stephen E. Giles expended 4.6

hours, and Attorney Lauren H. Zeldin expended 1.5 hours.  *Id.*  Ogletree Deakins contends that the following rates are reasonable hourly rates for each attorney who performed work in the case: Kilgore, $390; Giles, $365; Eckard, $350; Zeldin, $350; and Asper, $280.  *Id.*  Defendant provided this Court with detailed descriptions of the work.  *Id.*  In addition, Defendant has indicated, through Kilgore's affidavit, that no costs were incurred.  *Id.*  Therefore, Defendant seeks the Court's approval of attorneys' fees in the amount of $21,202.00.  *Id.*  On January 21, 2014, Plaintiff filed a Response in Opposition, contending that the requested fee is excessive in light of the *Barber* factors.  ECF No. 24.  Then, on January 31, 2014, Defendant submitted a Reply in Support of its Motion to Approve Amount of Attorneys' Fee Award, applying the *Barber* factors to show that the requested amount of attorneys' fees is reasonable.  ECF No. 25.

## Discussion

"It is well established that the allowance of attorneys' fees is within the judicial discretion of the trial judge, who has close and intimate knowledge of the efforts expended and the value of the services rendered."  *Barber v. Kimbrell's, Inc.*, 577 F.2d 616, 226 (4th Cir. 1978).  Upon finding that an award of attorney's fees is appropriate, the court must determine whether the requested amount is reasonable.  *Id.*  "In making this determination, the court should not simply accept as reasonable the number of hours reported by counsel."  *Child Evangelism Fellowship of S.C. v. Anderson Sch. Dist. 5*, C.A. No. 8:04-1866-HMH, 2007 WL 1302692, at *2 (D.S.C. May 2, 2007) (internal citation omitted).  "In calculating an award of attorneys' fees, a court should determine a lodestar figure by multiplying the number of reasonable

hours expended times a reasonable rate." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (internal quotation marks omitted). In deciding what constitutes a reasonable number of hours and rate, the district court is generally guided by the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n. 28. Although the district court must consider all twelve factors, it is not required to strictly apply them. *See EEOC. v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990).

Here, there is no need for the Court to evaluate whether any *Barber* factors "militate against this Court's granting of [Defendant's] Motion to Approve Amount of Attorneys' Fee Award" because the Court already found that fees should be awarded as a condition subsequent to Plaintiff's dismissal without prejudice. The Court has evaluated the other *Barbor* factors and concludes that the appropriate hourly rate is $280 per hour. This is the hourly rate of the associate who primarily worked on the case and is consistent with the Court's knowledge of hourly rates for other attorneys in the community. While attorneys Kilgore and Giles have experience in the employment law field and may command premium rates for work that requires that expertise, the Court believes that an hourly rate of $280 is appropriate for the type of

legal work performed and for which an award is being made. In the opinion of the Court, the work performed in this case relating to jurisdiction and venue does not require special skill in the employment law area.

Furthermore, the Court finds that the level of complexity of the instant case did not demand the work of five attorneys. In the present motion and accompanying affidavit in support, Defendant has failed to demonstrate why the case required the involvement of an Ogletree Deakins shareholder, an of counsel attorney (who never became an attorney of record), two Atlanta associates, and one Greenville associate. The Court is not persuaded by the fact that Giles served as general counsel for labor and employment matters for Defendant Milliken & Company for many years. Additionally, the Court finds that it was not necessary to involve five employment law attorneys on the jurisdiction and venue issues presented in the early stages of this litigation. Therefore, the Court will not award attorney's fees for the hours expended by Giles and Kilgore while this case was before the United States District Court for the Northern District of Georgia. *See Trimper v. City of Norfolk*, 58 F.3d 68, 76–77 (4th Cir. 1995) ("Properly reducing allowable hours because of overstaffing of attorneys is not an abuse of discretion, and indeed falls soundly within the district court's proper discretion in determining an attorney's fee award.").

In addition, the Court finds that the total number of hours claimed by Defendant's attorneys represents "duplicative, excessive, and redundant hours." *Id.* at 76. A review of the detailed time descriptions submitted supports a finding that a number of efforts on the part of both the Atlanta and Greenville Ogletree Deakins attorneys were duplicative. For example, attorneys Giles, Kilgore, Eckard, and Zeldin

reviewed and revised Asper's work on the motion to transfer venue. In addition, Kilgore expended two-tenths of an hour reviewing Plaintiff's 2-page Motion to Dismiss. Furthermore, the Ogletree Deakins attorneys never recorded less than two-tenths of an hour for any task. Moreover, there were multiple correspondences listed on the invoices detailing identical matters.

Based on the foregoing, the Court will reduce the hours claimed by Ogletree Deakins, and finds that a total of 32.3 hours was a reasonable number of hours for Defendant's attorneys to expend on the instant case.

## Conclusion

After reviewing the case law in this Circuit and the record in this case, the Court finds that Defendant's attorneys should be compensated for 32.3 hours at a rate of $280 per hour on the Response in Opposition to Plaintiff's Motion to Remand, Motion to Transfer Venue, Reply in Support of Its Motion to Transfer Venue, and Response in Opposition to Plaintiff's Motion to Dismiss. Accordingly, an award of attorneys' fees to Defendant in the amount of $9,044.00 is appropriate and reasonable.

**IT IS SO ORDERED.**

_G. Ross Anderson, Jr._
Senior United States District Judge

February _6_, 2014
Anderson, South Carolina